No. 24-1008

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

HELICOPTER ASSOCIATION INTERNATIONAL and SAFARI AVIATION dba SAFARI HELICOPTERS HAWAIʻI

*Petitioners,*

v.

FEDERAL AVIATION ADMINISTRATION and NATIONAL PARK SERVICE,

*Respondents.*

**PETITIONERS MOTION FOR LEAVE TO FILE A LATE REPLY BRIEF**

**DECLARATION OF LISA K. SWARTZFAGER**

**CERTIFICATE OF SERVICE**

> CALVERT G. CHIPCHASE  7757-0
> LISA K. SWARTZFAGER   10867-0
> 1000 Bishop Street, Suite 1200
> Honolulu, HI 96813-4212
> Telephone: (808) 521-9200
> Email: cchipchase@cades.com
> lswartzfager@cades.com
>
> Attorneys for Petitioners
> HELICOPTER ASSOCIATION INTERNATIONAL and SAFARI AVIATION dba SAFARI HELICOPTERS HAWAIʻI

# PETITIONERS MOTION FOR LEAVE TO FILE A
# LATE REPLY BRIEF

Petitioners Helicopter Association International ("**HAI**") and Safari Aviation dba Safari Helicopters Hawai'i ("**Safari**" and together with HAI, "**Petitioners**") respectfully move, pursuant to Federal Rule of Appellate Procedure 26(b) and Circuit Rule 27-1, for leave to file a late reply brief on the deadline for the reply brief had the automatic 30-day extension been requested, October 11, 2024, for the following reasons.

This Court has the power to permit Petitioners to file a late reply brief where "good cause" is shown. *See, e.g.*, Fed. R. App. P. 2 ("On its own or a party's motion, a court of appeals may – to expedite its decision or for other good cause – suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b)"; Fed. R. App. P. 26(b) ("For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires.").

"Good cause" can be established where there is excusable neglect. *See Boudette v. Barnette*, 923 F.2d 754, 755-756 (9th Cir. 1991) ("At a minimum, 'good cause' means excusable neglect."). Here, there is excusable neglect. Counsel with responsibility for drafting and filing the Reply

Brief, Lisa Swartzfager, believed that prior to the deadline to file the reply brief on September 11, 2024, support staff employed by her firm had filed a request with the Court for the automatic 30-day extension of the due date for Petitioners' Reply Brief making it due on October 11, 2024. *See* Swartzfager Declaration ¶ 4. Given the way the request is made through CM/ECF without any written submission required by counsel, counsel did not need to draft anything to file for the automatic extension and she believed that her support staff had made the request. *See id.* Counsel utilizes "Compulaw," a docketing system that automatically calendars deadlines, in her cases. Consistent with her belief that the automatic extension had been requested, the initial due date of September 11, 2024 was not on her calendar. *Id.* ¶ 5.

Good cause is further supported because such a 30-day extension was available as of right and would have been automatically granted if made prior to the September 11, 2024 deadline. Thus, allowing Petitioner to proceed by filing the Reply Brief on October 11, 2024 would cause no injustice or prejudice to Respondents and will not delay the resolution of this case.

2

Further supporting good cause, the Reply Brief will respond to the arguments raised in Respondents' Answering Brief, which included 50 pages, and allow for the Court to have the benefit of a fully briefed case prior to its decision.

For these reasons, Petitioners respectfully request the Court exercise its discretion and permit the late filing of Petitioners' Reply Brief on the date it would have been due had the automatic 30-day extension been timely requested, which is October 11, 2024.

DATED: Honolulu, Hawaiʻi, September 16, 2024.

    CADES SCHUTTE
    A Limited Liability Law Partnership

    */s/ Lisa K. Swartzfager*
    CALVERT G. CHIPCHASE
    LISA K. SWARTZFAGER
    Attorneys for Petitioners
    HELICOPTER ASSOCIATION INTERNATIONAL and SAFARI AVIATION dba SAFARI HELICOPTERS HAWAIʻI

3